# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MAURICE REID,

    Petitioner,                       CASE NO.2:10-cv-80

v.                                       JUDGE HOLSCHUH

WARDEN, ROSS
CORRECTIONAL
INSTITUTION,

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the petition, respondent's motion to dismiss, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that grounds one through three of the petition be **DISMISSED** and that respondent be directed to file a supplemental return with respect to ground four.

## I. FACTS and PROCEDURAL HISTORY

On June 10, 2005, a Lowe's hardware store located on Silver Drive in Columbus, Ohio, was robbed. The robber approached a check-out cashier, demanded money, displayed a handgun, and made away with the contents of a cash drawer. Prior to the robbery, another store employee had concluded that the car being driven by the robber was suspicious, and a videotape was made showing that car. Immediately after the robbery, police were called and were given a description of the robber and the car as well as the car's license number. The car was registered in petitioner's name, and he was arrested

shortly after the robbery. Money was found on his person, and a handgun was found in his car.

On June 17, 2005, a grand jury indicted petitioner on counts of aggravated robbery with specification, robbery with specification (two counts), carrying a concealed weapon, and having a weapon under disability. Petitioner pleaded not guilty and a jury trial was held, although the charge of having a weapon under a disability was tried to the court. The jury convicted petitioner of counts one and four, aggravated robbery and carrying a concealed weapon, and the judge found him guilty on count five. Petitioner was sentenced to a prison term of seven years on count one, to an 18-month concurrent term on count four, a one-year consecutive term on count five, and a three-year consecutive term on the firearm specification, for a total of eleven years' imprisonment. *Motion to Dismiss*, Exhibits 1-7.

Petitioner appealed his conviction to the Tenth District Court of Appeals. Although his appeal was not timely filed, it was accepted. On appeal, petitioner raised two assignments of error: that the evidence did not support the verdict on count four, carrying a concealed weapon, or, alternatively, that the verdict was against the manifest weight of the evidence; and that the trial court erred by imposing consecutive sentences. In a decision filed on December 14, 2007, the court of appeals affirmed the trial court in all respects. *Motion to Dismiss*, Exhibits 8-13.

Although the petition asserts that this decision was appealed to the Ohio Supreme Court, that does not appear to be entirely accurate. In fact, in September, 2008, well after

the 45-day period for taking a timely appeal to the Ohio Supreme Court had run, petitioner moved the court of appeals to reopen his appeal, asserting that his appointed counsel had hindered his appeal rights by failing to supply him with a copy of his trial transcript. He then amended his motion to assert that he had never been advised that the court of appeals had issued its decision, and that his appellate counsel was ineffective for failing to raise issues concerning alleged speedy trial violations and the unlawful collusion of witnesses. In a decision filed on February 17, 2009, the court of appeals denied the application to reopen as untimely. That is the decision which petitioner appealed to the Ohio Supreme Court. The only proposition of law contained in his appeal was that "[d]ue process is denied in a case of actual innocence where an appeal is dismissed on a procedural rule applied unfairly against Appellant." In an entry filed on May 8, 2009, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. *Motion to Dismiss*, Exhibits 14-26.

In addition to the filings made by petitioner in connection with his direct appeal, he also filed a post-conviction petition with the Franklin County Court of Common Pleas on July 10, 2007. In it, he asserted that his trial counsel was ineffective for failing to contact certain alibi witnesses and for otherwise failing to prepare adequately for trial. That petition appears still to be pending. *Motion to Dismiss*, Exhibits 27-29.

In the petition filed in this Court, petitioner raises the following claims:

GROUND ONE: Prosecutorial misconduct. During closing arguments ... prosecutor ... informed jury members, of the contents of a sidebar conversation of Judge, Prosecutor, and defense counsel. Conference was not

3

part of trail testimony, trial transcript Pgs. 380-389, wittness [sic] David Thompson, even stated on the stand.

GROUND TWO: Judge Connor would not admonish prosecutor for disregarding him. There must be a court rule to restrict conversation of wittnesses [sic], Judge Connor permitted prosecutor to secure al of sate wittnesses [sic] same room for over an hour, openly admit to discuss testimony, hours before trial.

GROUND THREE: Ineffective assistance of appellate counsel, appellant counsel never spoke to appellant, appellant wrote over six letters, and no reply. Appellant wrote State Public Defender ... asking for assistance to contact my counsel. The two grounds he did was by his own choice, not by my choice.

GROUND FOUR: Trial counsel never at anytime attempted to have a meaningful conversation with client. If records are reviewed of appellant court appointed counsel (Rebecca Pakorski) Franklin County P.D. Office, that appellant was unsatisfied on her performance.

It is respondent's position that all of these claims have been procedurally defaulted. Alternatively, respondent argues that claims three and four should be dismissed on their merits.

## II. PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may

4

present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.;Anderson v. Harless,* 459 U.S. 4, 6 (1982) (*per curiam; Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982);*Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir.1985).

## III. CLAIMS ONE AND TWO

Petitioner's first and second claims raise issues about the proper conduct of the trial. According to the facts which petitioner cites to support these claims, the prosecutor advised the jury on at least one occasion of the contents of a sidebar conference, allowed the witnesses to get together ahead of time to go over their testimony, and sponsored false testimony from at least one witness. Petitioner also claims that he never waived his speedy trial rights because his attorney signed his name to all of the continuances which were requested. He also appears to argue that his motion to dismiss on speedy trial grounds was improperly overruled.

None of these issues were raised on direct appeal. Petitioner did mention some of them in his motion for leave to reopen his appeal. However, in his appeal to the Ohio Supreme Court from the denial of that motion, he raised only an issue about the way in which the court of appeals had decided his motion to reopen- namely, that the court had credited what petitioner termed a "bad faith affidavit" signed by his appellate counsel. That affidavit refuted petitioner's claims both that his appellate counsel had not provided him with a copy of his trial transcript and that he was not timely notified of the decision issued by the court of appeals. *Motion to Dismiss*, Exhibit 24. Thus, these issues were never presented for decision to the Ohio Supreme Court. Although he may theoretically have a delayed direct appeal from the court of appeals' December 14, 2007 decision available to him under S.Ct. Prac.R. II(A)(4)(a), such an appeal would be extremely untimely, and because these issues were not raised in the court of appeals, the Ohio Supreme Court

would be unlikely to consider them on their merits. Thus, the Court deems the first part of the *Maupin* test to be satisfied because there are applicable procedural rules - the rule that any errors appearing on the face of the record be included in the direct appeal, and that any adverse decision be appealed to the Ohio Supreme Court within 45 days - and petitioner did not follow these rules. Further, petitioner no longer has any reasonably available way to present these claims to the Ohio courts. For that reason, those courts have not had the opportunity to enforce their procedural rules. Therefore, the second part of the *Maupin* test is deemed satisfied as well.

The third part of the inquiry asks if the procedural rules in question constitute adequate and independent state grounds for any refusal by the state courts to consider petitioner's claims, should he ever attempt to present them there. The rule that issues apparent from the face of the record must be presented on direct appeal, and that the failure to do so requires dismissal of such claims on grounds of *res judicata* if raised in a later proceeding, is a rule regularly followed and enforced in the Ohio courts. *State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967). Thus, the third *Maupin* factor is also satisfied.

The last part of the *Maupin* inquiry is whether petitioner can show cause for his procedural default, and, if so, whether he suffered prejudice as a result. Petitioner has not specifically argued this issue and did not file a traverse. He may, however, be claiming that these claims were defaulted due to the ineffective assistance of his appellate counsel, who chose not to include them in the direct appeal. Petitioner did assert ineffective

assistance of appellate counsel in his Rule 26(B) motion to reopen.

The ineffective assistance of counsel may constitute cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000), *citing Murray v. Carrier*, 477 U.S. 478, 488-89 (1986); *Richey v. Mitchell*, 395 F.3d 660, 679 (6th Cir.2005), *quoting McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir.2004). However, the ineffective assistance of counsel cannot constitute cause for a procedural default where such claim, itself, is also waived. *Edwards v. Carpenter*, 529 U.S. at 452-453; *Richey v. Mitchell*, supra, 395 F.3d at 679.

Here, although petitioner raised ineffective assistance of counsel in his motion to reopen his appeal, that motion was denied on procedural grounds, *i.e.* that it was not timely filed. Thus, the state court refused to reach the merits of the ineffective assistance of appellate counsel claim for procedural reasons, applying an Ohio rule (App. R. 26(B)) that requires motions to reopen to be filed within 90 days of the entry of the court of appeals' decision. As a second procedural default, petitioner did not include any of his ineffective assistance of appellate counsel claims in his appeal to the Ohio Supreme Court. Thus, any claim of ineffective assistance of appellate counsel was itself procedurally defaulted and, under the cases cited above, cannot constitute grounds for excusing the procedural default of the underlying claims. The Court adds that, even if petitioner could show cause for his procedural default, he cannot show prejudice, because it is unlikely that the state court would have found any merit either in his speedy trial claim or his due process claim.

Beyond the four-part *Maupin* analysis, this court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269. After review of the record, the Court does not deem this to be such a case. The state court of appeals noted that "appellant does not challenge in this appeal the overwhelming weight of evidence supporting his identification and apprehension after the robbery," and this Court agrees that the evidence on the robbery count was sufficient enough to undercut any claim of actual innocence here. Further, the state court of appeals rejected both sufficiency of the evidence and manifest weight of the evidence challenges to the concealed weapons conviction, finding that "there was ample evidence for the jury to find that appellant had a concealed weapon on his person at the time he committed the robbery in the Lowe's store." The trial evidence showed that the store operations manager who followed petitioner's movements in the store did not see a weapon, but petitioner produced a weapon during the course of robbing the cashier. Again, this Court agrees that such evidence precludes petitioner from asserting actual innocence as an excuse for his procedural default. Thus, claims one and two should be dismissed for this reason.

## IV. CLAIM THREE

In claim three, petitioner raises directly the assertion that his appellate counsel was ineffective. In support of that claim, he argues that his appellate counsel never talked to him about the issues to be raised on appeal, and that had this conversation occurred,

9

petitioner would have insisted that issues be raised concerning violations of his speedy trial rights, errors during the course of the trial, and collusion and lying by trial witnesses.

This claim could not have been presented during the direct appeal because it relates to the performance of the attorney who filed that appeal on petitioner's behalf. As noted above, the proper vehicle for raising such a claim was a motion to reopen pursuant to Ohio Appellate Rule 26(B). Again, however, as noted above, petitioner did file such a motion, but he filed it late and did not appeal the ineffective assistance of counsel claims to the Ohio Supreme Court. This Court's conclusion, in its cause and prejudice analysis relating to claims one and two, that the ineffective assistance of appellate counsel claim was itself procedurally defaulted, must be applied to this same claim when asserted as a separate claim for habeas corpus relief. Thus, claim three has been defaulted as well.

## V. CLAIM FOUR

In claim four, petitioner argues that his trial counsel was constitutionally ineffective. As support for this claim, he contends that the first attorney assigned to him, Rebecca Pakorski, improperly signed his name to motions for a continuance and speedy trial waivers. He asserts that his second trial attorney, Larry Thomas, did the same. He claims that Mr. Thomas never spoke to him about witnesses or evidence that would show his innocence, and that he never spoke with Mr. Thomas until the closing argument at the trial. He suggests that Mr. Thomas' alleged poor performance could have been the result of a grievance filed against Mr. Thomas with the Ohio Supreme Court. *See Petition*.

All of petitioner's claims about counsel's alleged violation of his speedy trial rights

10

would be supported by evidence on the face of the record and should have been raised on direct appeal. Petitioner had new counsel on direct appeal, so there was no barrier to the raising of claims of ineffective assistance of trial counsel to the extent that they depended upon proof appearing on the face of the record. As more fully discussed in connection with petitioner's other claims, any claims that were required to be raised on direct appeal have been procedurally defaulted.

Respondent concedes that at least some of the issues raised in claim four would not be susceptible of proof which appears on the face of the record, and that the appropriate way for petitioner to raise these claims would be in a post-conviction petition filed pursuant to Ohio Rev. Code §2953.21. However, respondent argues that the post-conviction petition which was filed, and which is still pending, does not raise any of these claims, so that they have been procedurally defaulted because petitioner has neither raised them in state court, nor can he, given that the time for filing petitions under §2953.21 has elapsed.

The Court is not entirely persuaded that there is no overlap between the state post-conviction proceeding and claim four in petitioner's habeas corpus petition. In his post-conviction petition, petitioner clearly takes issue with his attorney's lack of preparation for trial and his failure to visit petitioner while in jail (although in his state court petition, he does make reference to one 45-minute visit during which petitioner gave Mr. Thomas the names of three alibi witnesses). The analysis is further complicated by the fact that the state court has not ruled on the post-conviction proceeding, so this claim is technically

11

unexhausted.

Ordinarily, the presence of one unexhausted claim justifies dismissal of the entire case as a "mixed petition" due to the possibility that the state courts may provide relief to the petitioner on that claim, thus obviating the need for the federal court to rule on the constitutional issues presented in the remainder of the petition. *See Rose v. Lundy*, 455 U.S. 509 (1982). The exhaustion doctrine is not jurisdictional, however, and can be waived by the state, although the Court still has the discretion to raise the issue on its own. *See Granberry v. Greer*, 481 U.S. 129 (1987). Additionally, and significantly for this case, the exhaustion requirement is satisfied when a claim is presented to the state courts, and not when it is decided. As the Court of Appeals stated in *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992), "the principle that federal courts should defer to state courts in the interest of comity assumes that the state courts will give prompt consideration to claims of violation of constitutional rights." In that case, the court waived the exhaustion requirement because petitioner's "petition for post-conviction relief has languished in the state courts for more than three years...." *Id*. Here, almost that much time has passed without a decision on petitioner's post-conviction petition. For these reasons, the Court will not dismiss this case as a mixed petition. Further, because there has been no decision by the state courts on petitioner's ineffective assistance of trial counsel claims that were raised in his post-conviction petition, to the extent that he raises the same claims here, this Court's review of the merits of those claims is *de novo*. *See Dyer v. Bowlen*, 465 F.3d 280, 284 (6th Cir. 2006) ("When a state court fails to address the petitioner's federal claim, we review

the claim de novo").

Respondent's argument on the merits of this claim is brief. It addresses only the speedy trial claims and asserts that even if counsel was ineffective in the way in which the waivers were executed, petitioner suffered no prejudice. Because the Court construes claim four more broadly, there is no argument before the Court on the balance of the claim, which, as stated in the petition, reads (in these words) as follows:

> Defense counsel never spoke to appellant concerning wittnesses , possible evidence, that could clear appellant. Trial transcripts can prove facts. Ohio Rules of Court 79.01, Appellants visiting records from FCCCI and FCCCII, trial counsel did not see appellant until closing arguement of trial.... My complaint on Mr. Larry Thomas could have been the decission factor for such a low rate of defense on my case and poor handling.

## VI. RECOMMENDED DISPOSITION

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that grounds one through three be dismissed as procedurally defaulted, and that respondent be given twenty-eight days to file a supplemental memorandum addressing certain claims raised in ground four. Further, petitioner should be given an additional twenty-one days to reply to any supplemental response.

## VII. PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make

a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp  
United States Magistrate Judge
