IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MAURICE REID,

    Petitioner,                    CASE NO.2:10-cv-80

v.                                    JUDGE HOLSCHUH

WARDEN, ROSS
CORRECTIONAL
INSTITUTION,

    **Respondent.**

MEMORANDUM AND ORDER

Petitioner, Maurice Reid, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. In a Report and Recommendation filed on May 18, 2010, the Magistrate Judge recommended that the first three claims asserted in the petition be dismissed, and that respondent be directed to file a supplemental return as to the fourth claim, which alleges the ineffective assistance of petitioner's trial counsel. Respondent has not objected to this latter proposal, but petitioner objects to the dismissal of claims one through three. For the following reasons, his objections will be overruled and the Report and Recommendation will be adopted in its entirety. The Court will also rule on several motions which petitioner has filed.

    I. THE RECOMMENDED DISMISSAL OF CLAIMS ONE THROUGH THREE

The essential facts are as stated in the Report and Recommendation. In state court, petitioner was convicted by a jury on one count of aggravated robbery and one count of

carrying a concealed weapon, and by a judge on one count of having a weapon under disability. Petitioner was sentenced to a prison term of seven years on count one, to an 18-month concurrent term on count four, a one-year consecutive term on count five, and a three-year consecutive term on the firearm specification, for a total of eleven years' imprisonment. In the first three claims contained in his habeas corpus petition, he argues that he was the victim of prosecutorial misconduct, that the state court trial judge erred by refusing to admonish the prosecutor and allowing the prosecutor to aid the state's witnesses in colluding in their testimony, and that his appellate counsel was ineffective. The Report and Recommendation held that each of these three claims was procedurally defaulted because was properly presented to the Ohio courts, or properly appealed to the Ohio Supreme Court. Because petitioner has objected to this holding, the Court will review the legal issue of procedural default *de novo*. *See Jordan v. Brunsman*, 2009 WL 4730604 (S.D. Ohio December 7, 2009).

## II. PETITIONER'S OBJECTIONS

Much of petitioner's objections consists of a recitation of the testimony given at trial and letters which he wrote concerning his representation. That information does not relate directly to the issue of procedural default. He does, however, argue that he has consistently been restricted by prison officials from communicating effectively with his counsel, and that his state appellate counsel was ineffective.

Claims one and two were held to have been procedurally defaulted because the issues raised in those claims were not raised by petitioner's counsel as part of his direct

appeal. There is no dispute that this failure is a procedural default. The cause which petitioner asserted, and continues to assert, as an excuse for this default is his appellate counsel's ineffectiveness. However, as the Report and Recommendation correctly states, relying on the United States Supreme Court's decision in *Edwards v. Carpenter*, 529 U.S. 446 (2000), in order for the ineffective assistance of counsel to serve as a proper excuse for a procedural default, the claim of counsel's ineffectiveness must have been properly raised, and not waived, as part of the state court proceedings.

Ohio law allows this type of claim to be raised in a motion to reconsider, filed at the appellate court level, under Ohio Appellate Rule 26(B). Petitioner did file such a motion, but he did not file it in a timely manner and it was denied for that reason. Further, he did not raise this issue in any appeal which he filed with the Ohio Supreme Court. Because his ineffective assistance of appellate counsel claim was not properly presented to the Ohio courts, and because petitioner has not provided an adequate excuse for that failure beyond generalized allegations that, as a prisoner and one untrained in the law, it is hard for him to meet the courts' procedural requirements, he cannot use this claim to excuse the procedural default of his first two claims. *See, e.g., Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (holding that a petitioner's pro se status and ignorance of the law are "insufficient to establish cause to excuse his procedural default"). Petitioner's third claim is itself the defaulted ineffective assistance of appellate counsel claim, and it was procedurally defaulted for the same reasons. Thus, there is no legal error in the Report and Recommendation's conclusion that these claims have been defaulted and should be

3

dismissed.

## III. PETITIONER'S MOTIONS

On May 12, 2010, petitioner filed a motion asking that he be given more time to do research in the prison law library. As it relates to this case, any need which petitioner may have for more research time can be met by granting him an appropriate extension of time, and, in fact, he sought and obtained such an extension within which to file his objections to the Report and Recommendation. His motion for more time to do research (#12) is therefore **DENIED AS MOOT**. On June 23, 2010, petitioner moved for the appointment of counsel. Such appointment is not mandatory in a non-death penalty habeas corpus case unless the Court determines that an evidentiary hearing is needed. Such a hearing is clearly not needed with respect to the first three claims, all of which will be dismissed as procedurally defaulted. Respondent has not yet filed a supplemental return on the fourth claim, so any determination about a hearing on that claim would be premature. The motion for appointment of counsel (#18) is therefore **DENIED** at this time.

## IV. ORDER

For the foregoing reasons, petitioner's objections (#19) to the Report and Recommendation are **OVERRULED** and the Report and Recommendation is **ADOPTED**. Claims one through three of the petition are **DISMISSED** on grounds of procedural default. Respondent shall file a supplemental return with respect to claim four within 28 days, and petitioner may respond within 21 days thereafter.

4

**IT IS SO ORDERED.**

Date: July 27, 2010                              **/s/ John D. Holschuh**
                                                JOHN D. HOLSCHUH
                                                United States District Judge